**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN ROBERT DEMOS,

*Plaintiff,*

v.

UNITED HEALTH GROUP, et al.,

*Defendants.*

Civil Action No. 16-8861

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff, who is an inmate at the Washington State Penitentiary, seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-2. For the reasons discussed below, the Court denies Plaintiff's application to proceed *in forma pauperis* and directs the Clerk of the Court to close the file, without prejudice to Plaintiff's paying the required filing fee in order to file his complaint.

### I. BACKGROUND

Plaintiff alleges that Defendants' conduct poses a threat to the free market, restrains competition, and is in violation of United States anti-trust laws. Plaintiff alleges that he brings this action in the capacity of a private attorney general and seeks damages for Defendants' alleged wrongful conduct.

### II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To count as a dismissal or "strike," a prisoner's entire action or appeal must be dismissed pursuant to an enumerated ground for dismissal in Section 1915(g). *Byrd v. Shannon*, 715 F.3d 117, 125 (3d Cir. 2013).

While incarcerated, Plaintiff has filed more than three prior actions in this district alone that constitute strikes under Section 1915(g). *See, e.g., Demos v. United States Secretary of Def.*, Civ. No. 12-7854, D.E. 3 (D.N.J. Apr. 23, 2013) (dismissing complaint for failure to state a claim); *Demos v. Ryan*, Civ. No. 00-921, D.E. 2 (D.N.J. Sept. 18, 2000) (same); *Demos v. Warner-Lambert Co.*, Civ. No. 94-5309, D.E. 9 (D.N.J. Aug. 28, 1995) (same); *Demos v. Doe*, Civ. No. 94-4780, D.E. 3 (D.N.J. Sept. 30, 1994) (dismissing complaint as frivolous pursuant to Section 1915). Moreover, Plaintiff's applications to proceed *in forma pauperis* have been denied in other civil actions in this jurisdiction because he has received three strikes. *See Demos v. Doe*, Civ. No. 05-5806, D.E. 3 (D.N.J. Mar. 24, 2006); *Demos v. Doe*, Civ. No. 05-5687, D.E. 3 (D.N.J. Mar. 27, 2006); *Demos v. Doe*, Civ. No. 05-5843, D.E. 3 (D.N.J. Apr. 4, 2006). As a result, Plaintiff is prohibited from bringing this complaint without prepayment of the filing fee unless, at the time he filed the complaint, he was under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Allegations of imminent danger must be construed liberally in Plaintiff's favor. *See Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998). But here, even when liberally construed, Plaintiff's pleading cannot be read to suggest that he faced any danger of serious physical injury when he filed his complaint. Therefore, Plaintiff's application to proceed *in forma pauperis* is denied. The Clerk of the Court is directed to close the file, without prejudice to Plaintiff's filing a paid complaint. An appropriate form of Order accompanies this Opinion.

Dated: December 30, 2016

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.